**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANN M. HOGAN,**
**an individual,**

**Plaintiff** )
)
)
**v.** )
) **Case No.:**
)
**BOARD OF COUNTY COMMISSIONERS** )
**OF CLAY COUNTY, KANSAS,** )
)
**a Kansas county government,** )

**Defendant**

---

**COMPLAINT**

For her Complaint against the Defendant, the Plaintiff, by and through her undersigned counsel, alleges as follows.

Jurisdiction and Venue

1. The Plaintiff's claims are brought under the Americans with Disabilities Act and the Americans with Disability Amendments Act of 2008 ("ADA"), the Genetic Information Nondiscrimination Act ("GINA") and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C §§ 1331 and 1343. The Plaintiff also raises a claim under Kansas state tort law for which this Court has jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

Parties

2. The Plaintiff, Ann Hogan, is a former employee of the Defendant County, who worked in the County's Register of Deeds office.

3. The Defendant, Board of County Commissioners of Clay County ("the County") is a unit of Kansas local government, which is sued under the name of the Board of County Commissioners. The County is a major employer within Clay County and the Plaintiff is likely to apply for vacant job positions which become available and for which she is qualified.

Background Facts

4. On or about March 11, 2013, the County hired the Plaintiff as a part-time employee in the office of the Register of Deeds. At the time, Virginia Link ("Link") was the Register of Deeds. Abbey Reed ("Reed") also worked in the Register of Deeds office during the time that the Plaintiff worked for the County.

5. For approximately the first 10 days of her employment, the Plaintiff did not receive any employment counseling or disciplinary actions.

6. On or about March 21, 2013, the County required the Plaintiff to take a physical examination, answer a Medical History Questionnaire and answer questions about her medical, social, surgical and family medical history. Dr. Christopher Worthen performed the examination under contract with the County. The Medical History Questionnaire required the Plaintiff to reveal that she had experienced cancer in 1995, had surgery for her appendix and had a hysterectomy. She also had to report that she had suffered a work-related neck injury for which she had received and was receiving workers' compensation benefits. The Report of Physical Examination created by Dr. Worthen indicates that the Plaintiff suffered from tenderness in her neck.

7. As part of the medical examination process, Dr. Worthen reviewed the Plaintiff's past medical, social, surgical and family histories. Dr. Worthen noted in his "Progress Notes" that the Plaintiff's family medical history included a history of migraines, heart attack and cancer.

8. When performing the medical examination, Dr. Worthen did not have a copy of the Plaintiff's job description. Dr. Worthen did not know the mental or physical requirements of the Plaintiff's job with the County, including the essential functions of her job.

9. Dr. Worthen maintains a medical file containing confidential medical information about the Plaintiff and her family.

10. Following the medical examination, the Plaintiff took the medical information to the Register of Deeds (Link), but Link told her to take the information to the County Clerk, which she did.

11. In the days following the Plaintiff's medical examination, Link and Reed treated the Plaintiff in a hostile manner, criticizing the Plaintiff and belittling her work. Although Link and Reed criticized the Plaintiff's performance, they did not provide the Plaintiff the time to learn what she needed to know to do her job. They also did not teach the Plaintiff how to do her job.

12. On Friday, March 29, 2013, Link gave the Plaintiff a disciplinary notice and simultaneously terminated the Plaintiff's employment. Prior to this notice and termination of employment, the Plaintiff requested time off for a medical appointment for her neck injury related to the workers' compensation claim made prior to her employment with the County.

13. Link contends that she never saw the information obtained from the Plaintiff's medical examination. The County Clerk also contends that she never saw the information obtained from the Plaintiff's medical examination.

14. The Plaintiff does not tell people that she suffered from cancer, nor does she tell people about her surgical history or her family's medical history. The Plaintiff maintains the confidentiality and privacy of this information and does not make it public.

15. At the time that the Plaintiff was required to submit to the medical examination, she was a current County employee.

**FIRST CLAIM FOR RELIEF: VIOLATION OF THE ADA**

16. The Plaintiff incorporates paragraphs 1 through 15 above as if set forth fully here.

17. The County violated the ADA by requiring the Plaintiff to submit to a medical examination that was not job-related and consistent with business necessity. The medical examination was not conducted in order to determine if the Plaintiff was able to perform the essential functions of her job.

18. The County violated 42 U.S.C. § 12112(d)(4)(A) by mandating the Plaintiff submit to a medical examination that was not job-related and consistent with business necessity. The County further violated the Plaintiff's rights under the ADA to the privacy of her medical information by requiring her to reveal such information and to have it stored in a file with Dr. Worthen and the County government.

19. The County perceived the Plaintiff as disabled based upon injuries suffered in a work-related accident. As a result of this perception of the Plaintiff's disability, the County treated the Plaintiff in a hostile manner and terminated the Plaintiff's employment even though she was qualified to perform the essential functions of her job with or without an accommodation.

20. The County's action was done willfully, knowingly and in reckless disregard of the Plaintiff's rights.

21. The County's unlawful conduct caused the Plaintiff economic loss, emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays for judgment in her favor, damages, interest, costs and attorneys fees.

**SECOND CLAIM FOR RELIEF:**

**VIOLATION OF GINA**

22. The Plaintiff incorporates paragraphs 1 through 21 above as if set forth fully here.

23. The Genetic Information Non-discrimination Act prohibits employers from collecting genetic information concerning its employees except in circumstances not relevant here.

24. Through the medical examination that the County required the Plaintiff to take, it collected genetic information by requiring the Plaintiff to disclose her family medical history. The County's actions violated 29 U.S.C. § 2000ff-1(b)(1) and 29 C.F.R. § 1635.8(a).

25. The County's actions violated the Plaintiff's confidentiality rights in her genetic information, such rights being created at common law and under GINA.

26. The County's actions caused the Plaintiff to experience emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays for judgment in her favor, damages, interest, costs and attorneys fees.

**THIRD CLAIM FOR RELIEF:**

**VIOLATION OF SUBSTANTIVE DUE PROCESS**

27. The Plaintiff incorporates paragraphs 1 through 26 above as if set forth fully here.

28. The County's policy and practice of requiring employees to submit to medical examinations that are not job-related are not rationally related to protecting public health, safety and general welfare. In addition, because the County alleges that it does not use the medical examinations for making decisions about employment, the examinations lack any legitimate purpose whatsoever. The County's policy and practice to require its employees to submit to a medical examination violate substantive due process.

29. The County's requirement that the Plaintiff submit to a medical examination that was not job related and not used by the County for any purpose whatsoever violated the Plaintiff's right to maintain the confidentiality of her medical condition and history, including her family medical history. The County's decision to require the Plaintiff to submit to such an examination violated the Plaintiff's due process rights.

30. The County's actions caused the Plaintiff to experience emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays for judgment in her favor, damages, interest, costs and attorneys fees.

**FOURTH CLAIM FOR RELIEF:**

**UNCONSTITUTIONAL CONDITIONS**

31. The Plaintiff incorporates paragraphs 1 through 30 above as if set forth fully here.

32. The Plaintiff has a constitutionally protected liberty interest in maintaining the confidentiality and privacy of her medical condition and medical information, including her family medical history.

33. The County violated the Plaintiff's constitutional right when it conditioned her continued employment upon her disclosure of her medical condition and history, including her family medical history.

34. The County's actions caused the Plaintiff to experience emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays for judgment in her favor, damages, interest, costs and attorneys fees.

**FIFTH CLAIM FOR RELIEF:**

**VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER COUNTY LAW**

35. The Plaintiff incorporates paragraphs 1 through 34 above as if set forth fully here.

36. The Board of County Commissioners adopted employment policies concerning the terms and conditions of the employment rights and obligations of county employees. Upon information and belief, the County adopted the policies by resolution. The employment policies constitute law as established by the County's legislative body. Among those policies, the County requires that its managers provide new hires with two months of training in order to learn their jobs. If the employees cannot perform their jobs thereafter, the County may terminate an employee's employment without cause. These policies were applicable to the Plaintiff during her employment.

37. The County's employment policies also provide that it is the Board of County Commissioners ("BOCC") who can terminate an employee's employment. However, Link purported to terminate the Plaintiff's employment. Upon information and belief, the BOCC did not authorize Link to terminate the Plaintiff's employment.

38. The County did not provide the Plaintiff with two months of training prior to its termination of her employment. Link had no legal authority to terminate the Plaintiff's employment. The County's conduct, acting through Link, violated County law, and the purported termination of the Plaintiff's employment violated the Plaintiff's legal rights as established by County resolution.

39. The County's illegal conduct caused the Plaintiff economic loss, emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays for judgment in her favor, damages, interest and costs.

## SIXTH CLAIM FOR RELIEF:

## VIOLATION OF PLAINTIFF'S STATE LAW PRIVACY RIGHTS

40. The Plaintiff incorporates paragraphs 1 through 39 above as if set forth fully here.

41. The Kansas courts recognize that a person has a right of confidentiality and privacy in the person's medical condition medical history, including family medical history, and medical records ("confidential medical information").

42. The County was not privileged to require the Plaintiff to disclose confidential medical information because the requirement served no legitimate government interests.

43. The County's requirement that the Plaintiff disclose her confidential medical information violated the Plaintiff's state law right to privacy.

44. The County's actions caused the Plaintiff to suffer emotional distress, embarrassment and humiliation.

Wherefore, the Plaintiff prays for judgment in her favor, damages, interest and costs.

**SATISFACTION OF CONDITIONS PRECEDENT**

The Plaintiff filed a timely charge of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") concerning her ADA and GINA claims. The Plaintiff has timely filed this action following her receipt of her right to sue letter from the EEOC. The Plaintiff gave the County notice of her state law claims as required by state law. K.S.A. 12-105a. More than 120 days has passed since the Plaintiff gave notice and the County did not respond to the Plaintiff's notice. The Plaintiff has satisfied all conditions precedent to the filing of this lawsuit and the claims set out herein.

**GENERAL PRAYER FOR RELIEF**

The Plaintiff prays for such additional legal and equitable relief as the Court deems just and appropriate and, specifically, the Plaintiff prays for a declaration of her rights under both the federal and state declaratory judgment acts. See 28 U.S.C. § 2201, et seq. and K.S.A. 60-1701, et seq. The Plaintiff further prays that the Court enjoin the County from requiring current employees to submit to a medical examination that is not job related, and further enjoin it from collecting genetic information from its prospective and current employees.

**DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL**

The Plaintiff demands trial by jury on all matters triable to a jury and designates Kansas City, Kansas, for the place of trial

Respectfully submitted,

s/ Michael M. Shultz
Michael M. Shultz Ks bar # 18093
Law Firm of Michael M. Shultz
901 Kentucky, Suite 305
Lawrence, KS 66044
785-838-4300
Michael@theshultzlawfirm.com